## STATE COURT OF APPEALS—Continued

### No. 283
### BYERS v. RUGG

Ohio Appeals, 2nd Dist., Franklin Co.
No. 1176. Decided Feb. 25, 1925.

1063. SALES—Of stolen automobile without any disclosure of agency on part of seller thereof makes him responsible for purchase price.

1235. VERDICT—Does not leave an inference that seller is guilty of criminal offense.

BY THE COURT.

John Rugg brought suit in the Municipal Court of Columbus against George Byers to recover damages arising out of the sale of an automobile which turned out to be stolen, and was taken from Rugg by the real owner. The case was appealed to the Franklin Common Pleas, where a trial was had by jury, which resulted in a unanimous verdict in favor of Rugg for $600. It was claimed by Byers that he did not actually sell the machine, but merely acted as a go-between or agent for one, Grooms who claimed to be the owner. The evidence of Ruggs tended to prove that Byers himself sold the automobile without disclosing any agency and received the consideration of the sale.

The Court of Appeals held:

It does not follow as a result of the verdict that Byers is guilty of a criminal offense in handling stolen property.

Attorneys—Wilson & Rector, for Byers; Daniel Clott, for Rugg; all of Columbus.

### No. 284
### STATE ex v. LUCAS COUNTY BD OF ED.

Ohio Appeals, 6th Dist., Lucas Co.
No. 1508. Decided Dec. 1, 1924.

923. PLEADINGS—Demurrer to answer searches record as to amended petition, and failure of it to state cause of action, is ground for dismissal of petition.

1065. SCHOOLS—Transfer of territory situated in two separate districts by the Board, in one proceeding and where proposed transfer is to an exempted village district.

CHITTENDEN, J.

This action was brought to secure a writ of Mandamus commanding the Lucas County Board of Education to transfer certain territory in the Lucas County School District, to the Swanton Village School District, which is a part of the Fulton County School District.

An answer was filed to the amended petition of Ralph Matzinger, who brought the action, which averred that the territory sought to be transferred was situated in two separate school districts, and that the Board is not authorized by law to transfer territory thus situated, upon petition of electors of a district. A demurrer was filed to the answer. The Court of Appeals held:

1. Since the demurrer to the answer searches the record it challenges the attention of the court to the allegations contained in the amended petition of the State. After careful consideration we find that a cause of action does not exist and petition is dismissed; the demurrer to the answer also being overruled.

2. When vote of one school district in favor of a transfer is apparent, it is not enough, although other school district consents to transfer. Sec. 4695 GC. 109 OL. 65. Petition for mandamus dismissed.

Attorneys—E. P. Buckenmeyer, for State ex; Harry S. Commager, for Board of Education; both of Toledo.